

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

12/10/21

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| IN RE:<br><br>U-HAUL CO. OF WEST VIRGINIA,<br><br>Debtor. | CASE NO. 2:21-bk-20140<br><br>CHAPTER 11<br><br><br>JUDGE B. MCKAY MIGNAULT |

## MEMORANDUM OPINION AND ORDER

Pending are several threshold matters that must be adjudicated prior to the Court's ruling on confirmation of the Debtor's proposed *Second Amended Plan* [dckt. 135].  On October 20, 2021, the Court heard argument on the Debtor's *Preliminary Objection to Proof of Claim No. 13 Filed by Ferrell Class* [dckt. 160] (the "Objection") and ordered supplemental briefing regarding (1) the merits of the Debtor's Objection and (2) whether the Ferrell Class Claimants have standing to assert (a) their Class 6 Ballot to reject the *Second Amended Plan* [dckt. 135], (b) their *Objection to Confirmation of the Debtor's Plan* [dckt. 174], and (c) their *Objection to Non-Debtor UHI's Claim #9* [dckt. 175].  The Ferrell Class filed its *Response to Debtor's Objection and Cross-Motion for Enlargement of Time for Filing Proof of Claim No. 13 Less Than 12 Hours Late* [dckt. 213] ("Response") on November 10, 2021 (the "Response"); Debtor filed its Reply [dckt. 223] (the "Debtor's Reply") on November 24, 2021; U-Haul International, Inc. ("UHI") also filed its Reply [dckt. 222] ("UHI's Reply") on November 24, 2021; and, finally, the Ferrell Class filed its Surreply [dckt. 225] (the "Surreply") on December 1, 2021.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

## I.

Approximately ten years prior to the commencement of this Chapter 11 case on June 16, 2021, the Ferrell Class filed a class action lawsuit against the Debtor, styled *Ferrell, et al. v. U-Haul Co. of West Virginia,* Civil Action No. 11-C-1426, in the Circuit Court of Kanawha County (the "Ferrell Class Litigation"). In that lawsuit, the Ferrell Class asserted claims alleging that the Debtor improperly charged environmental fees of $1, $3, or $5 in truck rental transactions from March 2008 to May 2017. The total environmental fees collected by Debtor from the 323,746 Ferrell Class claimants over this period is alleged to be $644,566, but the Ferrell Class seeks over $53 million in compensation under the West Virginia Consumer Credit Protection Act. *See* Objection at 4–6; Proof of Claim 13.

When this bankruptcy case was commenced on June 16, 2021 (the "Petition Date"), the Debtor scheduled the Ferrell Class's claim as disputed, contingent, and unliquidated in an unknown amount. *See* Schedule E/F, Part 2, No. 3.17 [dckt. 1].

On June 21, 2021, the Clerk of this Court issued a bar date notice to all creditors (including the Ferrell Class representatives) setting various deadlines in this Chapter 11 case, including establishing the claims bar date for non-governmental claims as August 25, 2021. *See Notice of Chapter 11 Bankruptcy Case* [dckt. 35].

Additionally, the Debtor filed a motion [dckt. 3] (the "Motion") on the Petition Date seeking an order authorizing and directing the Class Representatives for the Ferrell Class Litigation to file a class proof of claim on behalf of the Ferrell Class. The Ferrell Class did not object to that

motion, and, following multiple hearings on that motion, the Ferrell Class agreed to and assisted with the preparation of the *Order Authorizing Class Proof of Claim* [dckt. 104] (the "Bar Date Order"), which provides:

> 1. The Ferrell Class representatives are hereby authorized and directed to file two Class Claims on account of the two classes certified in the Ferrell Litigation pre-petition. The deadline for the Class Claims is **August 25, 2021 at 11:59 p.m.** The Class Claims must be *actually received* by the Clerk of the Court on or before that date and time, *or such claims shall be forever barred*. For any claim to be validly and properly filed, a signed original of a completed proof of claim, together with any accompanying documentation required hereunder or by Bankruptcy Rules 3001(c) and 3001(d), must be (a) filed through the CM/ECF system on the Court's website at https://ecf/wvsb/uscourts.gov/; (b) filed electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://ecf.wvsb.usourts.gov/cgi-bin/autoFilingClaims.pl; or, (c) sent by first-class mail or overnight courier or hand delivery to the Clerk of the Bankruptcy Court, Southern District of West Virginia, Robert C. Byrd U.S. Courthouse, 300 Virginia Street East, Room 3200, Charleston, West Virginia 25301.

*See* Bar Date Order at 2 (emphasis added). The Bar Date Order was entered on July 23, 2021 and bears the electronic signature of Anthony J. Majestro as "Counsel for the Certified Class of Claimants (the 'Ferrell Class')." *Id.* at 4.

Despite having over a month from the date of the Bar Date Order to file its claim, the Ferrell Class's Proof of Claim 13-1 (the "Ferrell Class Claim") in the amount of $53,353,400 was filed a day late, on August 26, 2021.

Debtor's Objection seeks a Court order disallowing the Ferrell Class Claim in full because it was filed after the deadline established by the Bar Date Order and, therefore, is "forever barred." In addition to the terms of the Bar Date Order, Debtor relies upon Rule 3003(c)(2) of the Federal Rule of Bankruptcy Procedure, which provides that "any creditors… whose claim… is… scheduled as disputed, contingent, or unliquidated shall file a proof of claim… within the time

3

prescribed by [the court]; any creditor who fails to do so shall not be treated as a creditor with respect ot such claim for the purposes of voting and distribution." *See* F. R. Bankr. P. 3003(c)(2).

The Ferrell Class initially filed no response to the Objection. At the October 20, 2021 hearing on the Objection, however, counsel for the Ferrell Class explained that he attempted to file the Ferrell Class Claim after business hours on August 25, 2021, but he was unsuccessful because he did not realize that he did not have the proper PACER login information for this Court. Counsel emailed the Ferrell Class Claim to all counsel in the case one hour and twenty-six minutes late and filed the claim nine hours and 45 minutes late upon obtaining the correct filing credentials. When questioned by the Court how this could be when counsel had successfully filed documents on the docket for this case in the past, counsel for the Ferrell Class explained that those prior filings were completed by staff members with access to the right login information.

Because of the significance of the allowance or disallowance of the Ferrell Class Claim to the Court's consideration of the Second Amended Plan, the Court continued the confirmation hearing to December 17, 2021 and required the parties to submit additional briefing regarding whether the Ferrell Class Claim should be disallowed and whether the Ferrell Class retains standing to vote against the Second Amended Plan, object to the Second Amended Plan, and object to the claim of UHI.

The Ferrell Class's Response[1] asserts that "[c]ounsel wrongly believed that he had the proper credentials to log onto the Southern District of West Virginia Bankruptcy Court's

---

[1] While the Response purported to also be a motion for an extension of the deadline to file a proof of claim pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), the Response does not appear to include such motion and no proposed order was filed. Instead, the Response requests that the Court enter an Order ruling that the Ferrell Class Claim was filed timely. This is procedurally incorrect. The Ferrell Class Claim was undisputedly filed untimely, and the Ferrell Class should have filed a motion to extend the bar date to receive such relief.

4

CM/ECF filing system" and "[b]ecause this Court's clerk's office was closed, Counsel was unable to obtain the correct log-in information." Response at 1–2. After attempting to file for one and a half hours,[2] counsel emailed all counsel of record at 1:29 a.m. on August 26, 2021 to provide a copy of the un-filed claim and advise that "technical difficulties made it impossible for the Ferrell Class to log-in to the CM/ECF filing system." Id. at 5–6, Exh. A. The claim was filed successfully at 9:49 a.m. on August, 2021. The Ferrell Class argues that the Proof of Claim is timely under the "excusable neglect" standard established by Ruel 9006(b)(1) of the Federal Rules of Bankruptcy Procedure because "the Court must find" under the standard of review established by the U.S. Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S.380 (1993) "that the Ferrell Class's late filing of its Proof of Claim was caused by 'excusable neglect' which includes 'inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 3. Further, the Ferrell Class asserts that the standard for finding excusable neglect under *Pioneer* "militate in favor of the Ferrell Class" because (1) counsel's attempt to log-in prior to expiration of the deadline is evidence of good faith, (2) the Debtor is not prejudiced by a nine hour and fifty minute delay, (3) "the inability of the Ferrell Class's counsel to log-in to the Court's CM/ECF system… was an intervening circumstance that was not under the control of the Ferrell Class's counsel," and (4) disallowance would be unfair to the Ferrell Class. *Id.* at 3–6. Accordingly, the Ferrell Class argues that it has standing to object to, vote on, and receive distributions from the Plan because it is a party-in-interest having a pecuniary interest directly affected by this case pursuant to Sections

---

[2] From this assertion, it appears that counsel did not attempt to file the proof of claim until 11:59 p.m. on August 25, 2021, which would have been insufficient time to file a claim under any set of circumstances.

1109(b) and 1128(b) of the Bankruptcy Code and Fourth Circuit precedent in *Yadkin Valley Bank & Trust Co. v. Dairymen, inc. (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993). *Id.* at 6–10. The Ferrell Class also asserts standing to object to the claim of UHI because any such "party in interest may object to a claim" pursuant to 11 U.S.C. § 502(a). *Id.* at 10.

   The Debtor's Reply requests that the Court deny the Ferrell Class's motion to enlarge time to file its Proof of Claim because the Ferrell Class has not met their burden to demonstrate "excusable neglect" under Rule 9006(b)(1). Debtor's Reply at 2–3. The Debtor argues that all four *Pioneer* "excusable neglect" factors weigh in favor of the Debtor. *Id.* at 3. Of these factors, the Debtor argues that the preeminent factor is the reason for the delay, including whether the delay was in the reasonable control of the Ferrell Class; this factor weighs heavily in favor of the Debtor because "[t]he circumstances were absolutely within the control of the Ferrell Cass's counsel[,]" who "consciously chose to wait until the last minute leaving no margin for error." *Id.* at 3–4. The Debtor cites ample case law where courts have declined to find "excusable neglect" where the reason for the delay was within counsel's control. *Id.* at 4–5. Debtor also argues that the other factors weighed in favor of its Objection, including that (a) the Debtor would be prejudiced by enlarging the time provided to file claims because the late-filed claim would significantly dilute distributions to other creditors under the Second Amended Plan, whose claims total $400,000 [*id.* at 6–7]; (b) the Ferrell Class's delay of over two months in seeking relief under Rule 9006(b)(1) goes against a finding of excusable neglect, as well as the fact that the claim it filed would put the "Debtor in a state of limbo" due to its failure to specify the amount of legal fees owed [*id.* at 7]; and (c) the Ferrell Class lacked good faith in filing its claim as demonstrated by its lack of diligence in waiting until the very last minute to file the claim and two-month delay in seeking relief to enlarge the claim deadline [*id.* at 7–8]. Because the Ferrell Class's claim was

6

untimely and, thus, disallowed, Debtor argues that the Ferrell Class lacks standing to vote on the Plan, object to the Plan, or object to UHI's proof of claim. *Id.* at 11. Additionally, the Debtor believes that the Ferrell Class has no standing to object to confirmation because the alter ego claims it wishes to assert against UHI are estate claims controlled by the Debtor that have been released by the Debtor as part of a settlement with UHI. *Id.* at 11–12.

UHI's Reply raises virtually the same arguments as the Debtor and requests that the Court hold that the Ferrell Claim is time-barred, that the Ferrell Class has failed to establish "excusable neglect" under Rule 9006(b)(1), and therefore, the Ferrell Class has no standing to oppose the Plan, participate in voting, object to UHI's Claim, or receive any distribution under the Plan. UHI's Reply at 2.

The Ferrell Class Surreply requests that this Court exercise its equitable power to deem the Ferrell Claim timely. Surreply at 1–3. The Ferrell Class argues that the Debtor and UHI seek to "roll back the flexible standard" of *Pioneer* in favor of a strict application and asks this Court to disregard case law cited by the Debtor and UHI adopting that trend in favor of a more flexible approach. *Id.* at 3. In this vein, the Ferrell Class argues that *Pioneer* does not limit "excusable neglect" to situations where the failure to timely file is beyond the control of the filer. *Id.* The Ferrell Class reiterates its argument that the Debtor will not be prejudiced by enlarging the time to file its claim and disagrees with law cited by the Debtor and UHI focused on prejudice to creditors through dilution of creditor recoveries rather than focusing on prejudice specifically to the Debtor. *Id.* at 4–10. With regard to the length of delay, the Ferrell Class argues that the fact that it's claim was filed only nine hours and fifty minutes late mitigates any prejudice cause by waiting 77 days to file its motion for enlargement of time. *Id*. at 10. The Ferrell Class also argues that the Debtor waited 33 days to object to its claim and that "[a]t the October 20, 2021 hearing,

7

the Court gave the Ferrell Class an additional 21 days" to file this motion, which, in the Ferrell Class's view, afforded the Ferrell Class 21 of the 77 days of delay. *Id.* The Ferrell Class also argues that its failure to value attorney fees in its claim won't cause any serious delay in these judicial proceedings because "they can be calculated at any specific point in time." *Id.* at 11.[3] Regarding the reason for the delay, the Ferrell Class asserts that "although strategically waiting until the claims bar date to file a proof of claim may be within the control of the claimant, the fact that creditor's counsel could not access the Court's filing system before the deadline because counsel could not locate the credentials to log-in was not in the reasonable control of creditor's counsel." *Id.* at 12. The Ferrell Class distinguishes the case law cited by Debtor and UHI because those cases don't involve situations where claimant's attorney waited until the filing deadline, but mostly involve cases where the claimant missed the filing date by days, not mere hours. *Id.* The Ferrell Class further argues that waiting until the last minute to file its claim is not evidence of lack of good faith. *Id.* at 15. Finally, the Ferrell Class asserted exclusive ownership of its veil-piercing claims against UHI and asserted that it has standing to object to other creditors' claims, object to the Plan, and be heard at the Confirmation Hearing. *Id.* at 16–19.

      This matter is ready for adjudication.

---

[3] The Court disagrees with this argument because the purpose of a proof of claim is to state the value of a creditor's claim as of the Petition Date. *See* Official Form 410, requiring filers to "[f]ill in all the information about the claim as of the date the case was filed."

## II.

### A. Governing Standard

Rule 3003 of the Federal Rules of Bankruptcy Procedure governs the filing of claims in a Chapter 11 case. That rule provides, in relevant part, that

> (2) *Who must file.* Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; <u>any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution</u>.
>
> (3) *Time for filing.* The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed….

F. R. Bankr. P. 3003(c)(2)–(3) (emphasis added). The Ferrell Class's claim was scheduled in this case as disputed, contingent, and unliquidated in an unknown amount, and therefore, the Ferrell Class was required to file a timely claim to preserve the claim for purposes of voting and distribution.

The Court established the bar date applicable to this case both by notice and by the Bar Date Order agreed to by the Ferrell Class, which provided on no uncertain terms that

> 2. The deadline for the Class Claims is **August 25, 2021 at 11:59 p.m.** The Class Claims must be <u>actually received</u> by the Clerk of the Court on or before that date and time, <u>or such claims shall be forever barred</u>.

Bar Date Order at 2 (emphasis added). Thus, under both Rule 3003 and the Bar Date Order, the Ferrell Class Claim was required to be filed before 11:59 p.m. on August 25, 2021 to be preserved.

Rule 3003(c) provides that the Court "may extend the time within which proofs of claim… may be filed" for cause shown. F.R.B.P. 3003(c). In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the United States Supreme Court established the standard for analyzing whether cause exists to extend the deadline

to file a proof of claim under Rule 3003(c)(3), by applying the "excusable neglect" standard of Rule 9006(b)(1) for motions to enlarge the time to file after the deadline has expired. *Id.* at 389. The Court in *Pioneer* held that an attorney's inadvertent failure to file a proof of claim by the bar date *can* constitute "excusable neglect" under some circumstances, even when the failure to timely file is not due to circumstances beyond the control of the filer. *Id.* at 383, 391. The Court explained that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' … is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'" *Id.* at 392.

However, the Court in *Pioneer* emphasized that the neglect must be "excusable;" this requirement is necessary to "deter creditors or other parties from freely ignoring court-ordered deadlines…." *Id.* at 395. In assessing whether or not the neglect of a party (through its counsel) is excusable, courts must undertake an equitable determination, "taking account of all relevant circumstances surrounding the party's omission[,]" including the following four factors: (a) danger of prejudice to the debtor, (b) the length of the delay and its potential impact on judicial proceedings, (c) the reason for the delay, including whether it was within the reasonable control of the movant, and (d) whether the movant acted in good faith. *Id.* at 395, 397. In *Pioneer*, the creditor's counsel failed to timely file his client's proof of claim because he did not see the claims bar date provided inconspicuously in a notice of meeting of creditors rather than in a separate notice. *Id.* at 383, 398.[4] This "dramatic ambiguity" in the notification was given significant weight by the court in affirming the Circuit Court's decision that the neglect was excusable. *Id.* at 380.

---

[4] The Notice was issued in 1989, long before the electronic dockets available to counsel today that conspicuously note the bar date within the header.

10

The burden to prove excusable neglect lies with the creditor seeking the extension of the missed bar date. *See, e.g., In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005); *Jones v. Chemetron Corp.,* 212 F.3d 199, 205 (3d Cir. 2000); *Matter of Bulic,* 997 F.2d 299 (7th Cir. 1993). As the Fourth Circuit has noted in interpreting *Pioneer,* excusable neglect "is not easily demonstrated nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996).

B.  **Analysis**

In view of this standard, the Court proceeds to analyze whether the Ferrell Class has demonstrated excusable neglect in this case and concludes, after considering all of the circumstances, that the neglect was not excusable.

### 1. The Relevant Circumstances Surrounding the Failure to Timely File the Ferrell Class Claim Do Not Constitute "Excusable Neglect."

As the Fourth Circuit has recognized, "[t]he most important of the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the reason for the failure to [timely] file…." *Thompson*, 76 F.3d at 534 (holding that the litigant who entrusts his filing with the postal processes, without taking further steps to ensure that the document is timely filed with the court cannot establish excusable neglect). *See also Tubens v. Doe*, 976 F.3d 101, 105 (1st Cir. 2020); *Enron*, 419 F.3d at 121; *In re Kmart Corp.*, 381 F.3d 709, 715 (7th Cir. 2004); *U.S. v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (holding that the district court abused its discretion in finding excusable neglect where, although the other three factors weigh in favor of finding excusable neglect, the claimant could not satisfy the most important factor of fault in the delay). This factor is often found to be "determinative in and of itself, even if the other three factors support a finding of excusable neglect." *In re Wellington*, 631 B.R. 833 (Bankr. M.D.N.C. 2021).

11

Specifically, *Pioneer* directs this court to consider the reason for the delay, including whether it was within the reasonable control of the movant. Counsel for the Ferrell Class explains that "[c]ounsel wrongly believed that he had the proper credentials to log onto the Southern District of West Virginia Bankruptcy Court's CM/ECF filing system" and "[b]ecause this Court's clerk's office was closed, Counsel was unable to obtain the correct log-in information." Response at 1–2. The Ferrell Class also argues that "although strategically waiting until the claims bar date to file a proof of claim may be within the control of the claimant, the fact that creditor's counsel could not access the Court's filing system before the deadline because counsel could not locate the credentials to log-in was not in the reasonable control of creditor's counsel." Surreply at 12. Additionally, the Ferrell Class argues that "[a]t the time that the Ferrell Class counsel was attempting to file the proof of claim, the inability of counsel to log-in to the Court's CM/ECF system was not in the exclusive or reasonable control of the Ferrell Class Counsel[, who] was unexplainably unable to log-in with what he believes was the correct credentials and was unable to locate the correct credentials." *Id.* at 13.

The Court rejects these arguments. The Court disagrees that the closure of the Clerk's office after business hours has anything to do with the tardiness of the Ferrell Class Claim. The Court also disagrees that counsel's failure to log in to the Court's CM/ECF system was unexplainable and outside of counsel's exclusive control. The reason for the delay in filing was entirely within the control of counsel to the Ferrell Class. In stark contrast to the facts of *Pioneer*, the Ferrell Class had ample notice of the Bar Date as well as the dire consequences that would result from missing the deadline. The Ferrell Class both participated in drafting and agreed to the Bar Date Order, which expressly provides that "[t]he Class Claims must be *actually received* by the Clerk of the Court on or before [August 25, 2021 at 11:59 p.m.], or such claims *shall forever*

12

*be barred*. Knowing its duty to ensure that its claim was timely provided to the Clerk's office to retain its claim, the Ferrell Class should have planned appropriately.

The Ferrell Class's assertion that its counsel's inability to access correct credentials at 11:59 p.m. on the Bar Date was outside of its control is unavailing. The Ferrell Class had well over a month to prepare its claim and make proper arrangements to file at the appointed time. Counsel to the Ferrell Class admits that members of its staff had the correct filing credentials and had successfully used them numerous times before. If counsel had begun the filing at any time prior to the close of business on the Bar Date, the login information could have been obtained from either counsel's staff or the Clerk's office. Additionally, the Bar Date Order provided three separate mechanisms for filing the proof of claim, including methods that do not require the use of this login information. For instance, the Ferrell Class could have mailed or hand delivered the claim prior to the close of business on the Bar Date.

Counsel chose to adopt a strategy of waiting until the last minute to file the claim electronically, which left no room for error. Even if counsel had the correct filing credentials in his possession, any filing undertaken at 11:59 p.m. on August 25, 2021 would likely have been untimely. Counsel knowingly assumed a significant risk to the status of the claim by waiting until the literal last minute to file it.

This failure to plan and allot necessary time to file the proof of claim was not due to any "technical difficulties" as the Ferrell Class asserts. The Ferrell Class does not allege that the late filing was caused by any defect of the CM/ECF system. It is no excuse that the Clerk's office was closed when counsel attempted to file the claim after business hours on the night it was due. Counsel had over a month to file the claim, during which he could have contacted the Clerk's office during business hours at his convenience. The deadline was missed in this case due to a

careless disregard for the Bar Date, applicable Bankruptcy Rules, and the explicit terms of the Bar Date Order. Compliance with the deadline (or not) was entirely within the control of counsel to the Ferrell Class, and the failure to comply under these circumstances is inexcusable.

Extending equity to enlarge the deadline under these inexcusable circumstances would create precedent that would swallow the rule and expunge the "excusable neglect" standard, and the Court declines to do so. Other courts have reached similar decisions in similar circumstances. *See Thompson,* 76 F.3d at 535 (no excusable neglect where filing was untimely due to "inexcusable run-of-the-mill inattentiveness by counsel" by placing filing in the U.S. Mail and failing to take steps to check on its progress); *In re Lynch*, 430 F.3d 600, 604 (2d Cir. 2005) (no excusable neglect where counsel knew of clear deadline and failed to comply with it); *In re Am. Classic Voyages Co.*, 405 F.3d 127, 134 (3d Cir. 2005) (no excusable neglect where delay was caused by counsel's failure to review a notice); *Chamorro v. Puerto Rican Cars, Inc.,* 304 F.3d 1, 5 (1st Cir. 2002) ("The fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order"); *Rivera-Siaca v. DCC Operating, Inc.*, 416 B.R. 9, 16 (D. P.R. 2009) (counsel's failure to prepare adequately in advance or request an extension within a deadline is not excusable); *Golden v. Gibrick (In re Gibrick)*, 561 B.R. 470, 476 (Bankr. N.D. Ill. 2016) ("[T]he clerk's office is not inaccessible, and the filing deadline is not extended, if the filer's own computer or connectivity problems are to blame."); *In re Sizemore*, 341 B.R. 658 (Bankr. N.D. In. 2006) (court has authority to allow retroactive filing when delay is caused by the court's ECF system, but no relief when the delay is due to counsel's computer problems).

The Court will touch on the other *Pioneer* factors only briefly because the Ferrell Class has failed to show that the delayed filing was caused by excusable neglect and cannot prevail without satisfying this predominant factor. *See Thompson*, 76 F.3d at 534 (analyzing only the

14

reason for the delay in its decision). As the Second Circuit has cautioned, "the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule." *Enron*, 419 F.3d at 122. And in this case, the Ferrell Class failed to follow not only a court rule, but a court order. *See, e.g., Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 150 (2009) ("[W]here the plain terms of a court order unambiguously apply, as they do here, they are entitled to their effect….").

The length of the delay and its potential impact on judicial proceedings weighs in favor of the Debtor. The prejudicial impact on the judicial process is an important factor to the Court because the adherence to bar dates is crucial to provide finality and certainty of claims necessary for debtors to reorganize. The Court agrees that "[t]o treat such late claims the same as claims which are timely filed would undermine the effectiveness of the bar date and have a negative impact in Chapter 11 cases…." *In re Montaldo Corp.* 209 B.R. 40, 49 (Bankr. M.D. N.C. 1991). The Court has serious concerns about establishing a precedent that would in any way undermine the important role served by bar dates. Additionally, the Court is concerned about prejudice caused by delay in this case if the claim were allowed. Although the claim was filed one day after the Bar Date, the motion seeking to enlarge the filing deadline was not filed until over two months later, which is a significant delay. The Court disagrees with the Ferrell Class's argument that the Court sanctioned a portion of this delay by setting a hard deadline to file any such motion as part of the briefing required to adjudicate Debtor's Objection to the Ferrell Class Claim.

Whether the movant acted in good faith is an inconclusive factor that neither supports nor undercuts its decision in this matter. The Court is concerned about the lack of diligence demonstrated by counsel for the Ferrell Class in waiting until the last minute to file a claim, leaving no room for error, and then waiting over two months to file a motion for enlargement

15

of the time to file a claim. However, the Court is not prepared to go so far as to find that the Ferrell Class lacked good faith.

Finally, the Court considers the danger of prejudice to the debtor as weighing in favor of the Debtor. There is no doubt, and the Ferrell Class does not contest, that the Ferrell Class's Claim would dilute the payout to general unsecured creditors. Debtor and UHI have cited some precedent to support a finding of prejudice to the debtor where the claims pool would be diluted by allowance of the claim. *See Montaldo,* 209 B.R. at 48 ("The allowance of a very substantial claim… would prejudice those creditors who filed timely claims because it will reduce significantly the amount that such creditors receive under the Plan."); *In re Lee Way Holding Co.*, 178 B.R. 976, 986–87 (Bankr. S.D. Ohio 1994) ("Creditors filing timely claims are entitled to enjoy an increased dividend, not settle for lower dividend based on [the tardy claimant] suddenly springing to action."); *In re R.H. Macy & Co., Inc.*, 161 B.R. 355, 361 (Bankr. S.D.N.Y. 1993) ("Extending the bar date to allow any of the Movants to file a proof of claim could result in the depletion of assets which would otherwise be available for distribution to creditors who have filed timely proofs of claim. This factor therefore weighs in favor of the Debtors."). The Ferrell Class cited competing authorities holding that a dilution of creditor claims does not constitute prejudice the debtor. Surreply at 4–10. The Court is of the opinion that this factor weighs at least slightly in favor of the Debtor.

Therefore, the Ferrell Class has failed to meet its burden to prove that excusable neglect exists such that the Bar Date may be extended.

### 2. The Ferrell Class Lacks Standing.

The consequences of missing the Bar Date on August 25, 2021 are clear under Rule 3003(c)(2) and the Bar Date Order. The Ferrell Class Claim is disallowed, and under Rule

3003(c)(2), the Ferrell Class "shall not be treated as a creditor with respect to such claim for the purpose of voting and distribution." F. R. Bankr. P. 3003(c)(2); 11 U.S.C. § 1126(a) ("[t]he holder of a claim or interest allowed under section 502 may accept or reject a plan"). Likewise, the Bar Date Order provides that the Ferrell Class Claim is "forever barred." Because the Ferrell Class is barred from asserting the Ferrell Class Claim against the Debtor, the Ferrell Class is likewise barred from raising its derivative claims against UHI sounding in theories of veil-piercing, instrumentality, or alter ego liability. *See, e.g., In re Tronox Inc.*, 549 B.R. 21, 50 (S.D.N.Y. 2016) (holding that creditors who settled and released direct claims against debtors may not assert derivative alter ego and veil piercing claims against another entity).

Because the Ferrell Class lacks a pecuniary interest in this case, it is not a party in interest. *In re Hutchinson*, 5 F.3d at 756 ("Although the Code does not define the term 'party in interest,' the term 'is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings.'") (internal citations omitted). Therefore, the Ferrell Class also lacks standing to object to the Plan pursuant to Section 1128(b) ("a party in interest may object to confirmation of a plan") and to UHI's Claim pursuant to Section 502(a) (providing that a "party in interest" may object to a claim).

### III.

For the reasons stated herein, the Court **FINDS** that the Ferrell Class has failed to meet its burden to establish "excusable neglect" to enlarge the period of time to file the Ferrell Class Claim provided for in the Bar Date Order.

Therefore, **IT IS ORDERED** that the Objection be, and is hereby, **GRANTED.**

**IT IS FURTHER ORDERED** that the Ferrell Class's Motion for enlargement of time to file the Ferrell Class Claim is **DENIED**.

17

**IT IS FURTHER ORDERED** that the Ferrell Class lacks standing to vote on the Second Amended Plan, object to the Second Amended Plan, and object to the claim of UHI. These filings and submissions are of no force and effect and will be regarded as moot.

**IT IS FURTHER ORDERED** that the Debtor should be prepared to offer testimony in support of confirmation at the December 17, 2021 confirmation hearing through Mr. Charles Hertzler.